

**Neufeld Scheck & Brustin, LLP**

Tel: [212] 965-9081  
Fax: [212] 965-9084

99 Hudson Street, 8th Floor  
New York, New York 10013  
nsbcivilrights.com

March 31, 2017

<u>Via ECF</u>
Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Ganek v. Leibowitz, et al.*, 16-1463

Dear Ms. Wolfe:

Plaintiff-Appellee David Ganek writes under Federal Rule of Appellate Procedure 28(j) to correct Defendants' misstatement of fact during rebuttal argument.

When asked to support their argument that the search warrant affidavit did not contain a lie, Defendants misstated the record: without any credible support, they falsely accused Ganek of participating in "a scheme with regard to many, many pieces of inside information from many public companies." In particular, counsel asserted that Adondakis implicated Ganek in insider trading in the stocks mentioned in paragraph 8-a of the affidavit. *See* JA-80. And counsel suggested that Adondakis would testify that Ganek knew that Adondakis had insider sources relating to those stocks. Press accounts of oral argument seized on these statements, thereby exacerbating the damage to Ganek's reputation caused by the original raid. At trial we will show that there is no basis for counsel's allegations.

*Nothing* in paragraph 8-a implicated Ganek. JA-31, ¶ 65. The few conclusory allegations against Ganek in the affidavit all stemmed from information allegedly learned in the government's November 2, 2010 proffer meeting with Adondakis. JA-35, ¶ 84. Based on an extensive pre-filing investigation (not limited to the trial testimony from Adondakis and FBI agent Makol), we pleaded that Adondakis told Defendants that Ganek did not know that *any* information he provided—about any company—was improper inside information. JA-36, ¶ 86. That pleading is certainly meets the *plausibility* test, all that is required at this stage. Indeed, it is preposterous for the government to suggest that it held back from the affidavit some cache of other evidence against Ganek that would have supported a search of his office.

Putting aside Defendants' misrepresentation at argument, nothing implicated Ganek in insider trading other than the calculated lie in the affidavit. To hold, as Defendants ask, that a search predicated solely on the "deliberate manufacture of false evidence" could nonetheless be

justified would make "a mockery of the notion that Americans enjoy the protection of due process of the law." *Ricciuti v. NYC Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997).

                                                      Respectfully,

                                                      <u>/s/ Nancy Gertner</u>

                                                      Nancy Gertner
                                                      *Attorney for Plaintiff-Appellee*

CC: All counsel, via ECF