

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 5, 2017

<u>By ECF</u>

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Ganek v. Leibowitz, et al.*, 16-1463 (2d Cir.)

Dear Ms. Wolfe:

      Plaintiff-appellee's March 31, 2017 letter does not address any supplemental authorities and is improper under Rule 28(j).

      In any event, the claim that "Defendants misstated the record" at oral argument is meritless. Responding to the Court's question, counsel accurately stated that the search warrant affidavit asserted that Ganek was informed of the sources of "Inside Information" about multiple public companies. Defendants were investigating a suspected insider trading scheme involving information obtained by hedge funds via third-party consultants. JA 76-79, 96-97. The affidavit described conversations intercepted on conference lines used by a consulting firm to connect insiders at multiple public companies with hedge fund clients, including Level Global. JA 79-80. The affidavit described as "examples" two conversations in which Adondakis received information from insiders at public companies other than Dell. JA 80-85 ¶ 8(a), JA 89-90 ¶ 8(c). The affidavit also detailed intercepted conversations in which Level Global co-founder Anthony Chiasson and another fund employee received information from a consultant concerning multiple additional companies other than Dell. JA 93-96. While Ganek did not participate in these conversations, the affidavit explained that Adondakis told investigators he received (broadly defined) "Inside Information" from insiders at public companies (including from consultants); provided the information to Ganek, Chiasson and the other Level Global employee, who traded (or caused others to trade) on the information; and informed them of the sources of the information. JA 98-100. These sworn statements are not undercut by the later trial testimony regarding Dell on which Ganek's complaint hinges.

      Moreover, Ganek's letter continues to ignore the key issue: even if the affidavit had stated that Ganek was never informed of the sources of *any* Inside Information, it would have provided probable cause to search the locations specified in the warrant, because Ganek has never disputed the allegations that he received and traded on Inside Information provided by his colleagues. Any supposed misstatement in the affidavit accordingly was not material, as a

Hon. Catherine O'Hagan Wolfe
Clerk of Court                                                                                        Page 2
April 5, 2017

corrected affidavit still would have authorized the search. The *Ricciuti* case is inapposite—it does not address qualified immunity in the search warrant context or undertake a corrected affidavit analysis.

                                                Respectfully submitted,

                                                JOON H. KIM
                                                Acting United States Attorney for the
                                                Southern District of New York

By:   */s/ Sarah S. Normand*
        ANDREW E. KRAUSE
        SARAH S. NORMAND
        Assistant United States Attorneys
        Telephone: (212) 637-2769/2709
        Facsimile: (212) 637-2786/2730
        E-mail: andrew.krause@usdoj.gov
                    sarah.normand@usdoj.gov

cc:     All counsel of record via ECF