

Tel: [212] 965-9081
Fax: [212] 965-9084

99 Hudson Street, 8th Floor
New York, New York 10013
nsbcivilrights.com

July 12, 2017

<u>Via ECF</u>
Hon. Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      **Re:** ***Ganek v. Leibowitz, et al.*, 16-1463(2d Cir.)**

Dear Ms. Wolfe:

      Plaintiff-Appellee responds to Defendants-Appellants' July 5, 2017 letter about *Ziglar v. Abbasi*, 2017 WL 2621317 (S.Ct. June 19, 2017).

      *Abbasi* does not affect Plaintiff's core claims against individual agents and AUSAs. *Abbasi* raised unique issues: post 9/11 policymaking decisions by the nation's highest-ranking officials. In contrast, this case, about a lie in a search warrant and a search without probable cause, concerns "errant conduct by a rogue official—the typical *Bivens* scenario." *Turkmen v. Hasty*, 789 F.3d 218, 265 (2d Cir. 2015) (Raggi, J., dissenting).

      Even with respect to the supervisory claims, *Abbasi* has little impact. Unlike *Abbasi*, Plaintiff can show direct involvement by supervisors in the misconduct. Nor is there is anything novel about the Fourth Amendment obligation not to lie in an affidavit, to correct the record for the court once the lie is uncovered, and to take steps to prevent such violations.

      Appellants argue that *Abbasi* makes Plaintiff's *Bivens* remedy uncertain. But the Court noted "this opinion is not intended to cast doubt on the continued force, or even the necessity, of *Bivens* in the search and seizure context in which it arose." 2017 WL 2621317 at *11. *See e.g. Groh v. Ramirez*, 540 U.S. 551 (2004) (general warrant); *Castro v. United States*, 34 F.3d 106 (2d Cir. 1994) (no warrant); *see also Turkmen*, 789 F.3d at 271–72 (Raggi, J., dissenting). This case involves that context. Without the lie, there was no probable cause. Even if Plaintiff were an "unwitting participant" (which the record does not support) a search of this breadth, based on a warrant lacking any particularity, covering personal effects and "any and all documents...concerning public companies," was even less justified.

      *Abassi* supports a federal remedy for "individual instances of…law enforcement overreach, which due to their very nature are difficult to address except by way of damages actions after the fact." 2017 WL 2621317 at *19. Because Plaintiff was never charged, this action is his only remedy.

We agree with Appellants' conclusion—*Abbasi* has limited impact, and need not delay this appeal. Should the Court conclude otherwise, Plaintiff suggests remand to the district court.

Respectfully,

/s/ Nancy Gertner

Nancy Gertner
*Attorney for Plaintiff-Appellee*

CC: All counsel, via ECF